739 So.2d 235 (1999)
Donald J. OUBRE
v.
JACOBS ENGINEERING GROUP and CIGNA.
No. 98 CA 1129.
Court of Appeal of Louisiana, First Circuit.
May 14, 1999.
Amending decision on Limited Grant of Rehearing June 29, 1999.
Writs Denied September 17, 1999.
*236 Leonard Cardenas, III, Baton Rouge, for Plaintiff-Appellee, Donald J. Oubre.
Kirk L. Landry, Baton Rouge, for Defendant-Appellant, Jacobs Engineering Group, Inc.
Before: CARTER, C.J., SHORTESS, J., and de la HOUSSAYE, J. Pro Tem.[1]
SHORTESS, J.
Donald J. Oubre (plaintiff) filed a claim for workers' compensation benefits against his employer, Jacobs Engineering Group, Inc. (defendant), alleging he was injured on July 28, 1994, when he was exposed to chemicals.[2] The parties stipulated that plaintiff was employed by defendant on July 28, 1994, earning an average weekly wage of $623.87; that his temporary-total-disability (TTD) rate for workers' compensation purposes was $319.00; that defendant paid TTD benefits until October 2, 1995; and that defendant paid some medical benefits.
After a trial on many issues, the workers' compensation judge (WCJ), inter alia, rendered judgment in plaintiff's favor and ordered defendant to pay supplemental earnings benefits (SEB) to plaintiff at his *237 TTD rate from October 2, 1995. Defendant appeals.[4]
Defendant contends the WCJ applied the wrong legal standard in awarding SEB's. The WCJ found plaintiff's "only disability is that he cannot work in ... a chemical plant." She stated plaintiff "could work in any Baton Rouge office area or Gonzales office type situation.... [P]hysically, there [are] no restrictions on him. It's strictly environment." She concluded, "That does entitle him to SEB at the TTD rate until [defendant] either offers him a job in a different environment, or finds him a job in a different environment."
We agree with defendant the trial court applied an incorrect legal standard. An employee is entitled to receive SEB's if he sustains a work-related injury that results in his inability to earn 90% or more of his average pre-injury wage.[5] The employee bears the burden of proving, by a preponderance of the evidence, that the injury resulted in his inability to earn that amount under the facts and circumstances of the individual case. Once the employee's burden is met, the burden shifts to the employer who, in order to defeat the employee's claim for SEB's or establish the employee's earning capacity, must prove by a preponderance of the evidence that the employee is physically able to perform a certain job and that the job was offered to the employee or that the job was available to the employee in his community or reasonable geographic location.[6] Because the WCJ used an incorrect legal standard, we must review the record and determine de novo whether plaintiff is entitled to SEB's.
Our initial inquiry is whether plaintiff presented a prima facie case that he is unable to earn 90% or more of his pre-injury wage. Plaintiff was forty-eight years old on the day of trial. He testified he graduated from high school, attended Louisiana State University, and then earned a certificate in drafting from the Baton Rouge Vocational-Technical Institute. He had worked for various construction companies and engineering firms and had attended numerous seminars and training programs offered by his employers. At the time of the accident, he was working as a computer-assisted-drafting (CAD) designer. His only attempt at seeking employment after the accident was to speak to one of defendant's employees about getting his job back, even though he did not feel he was medically able to work at his old job. He stated defendant declined to rehire him for medical reasons.
The WCJ found that plaintiff "sincerely believes that all of his problems are due to this exposure," but that this was "unsubstantiated fear." She found that while he "still has some pain, ... that is treatable now." The WCJ found only three physical conditions were related to the chemical exposuresinus problems, reactive airways, and headaches. She stated he should not work where he would be exposed to irritating smells, but noted "there are lots of environments that he can work in."
Thus, according to the WCJ's findings, plaintiff is capable of returning to his occupation of CAD designer. Plaintiff made no attempt to show that a CAD designer with twenty-five or more years experience could not earn at least 90% of his pre-injury wages working in an office rather than in a chemical plant. He thus failed to present the prima facie case necessary to show entitlement to SEB's.
*238 For the foregoing reasons, the portion of the judgment of the Office of Workers' Compensation Administration awarding supplemental earnings benefits to plaintiff is reversed. In all their respects, the judgment is affirmed.[7] Judgment is rendered in favor of defendant, Jacobs Engineering Group, Inc., dismissing plaintiff's claim for workers' compensation indemnity benefits. Plaintiff is cast for all costs of this appeal.
AFFIRMED IN PART, REVERSED IN PART; AND RENDERED.

ON APPLICATION FOR REHEARING
PER CURIAM.
On original hearing, we found defendants had not appealed the portion of the judgment ordering payment of medical expenses and mileage. On rehearing, defendants point out that while they did not expressly state they were appealing the award of medical expenses and mileage, they impliedly did so in their assignment of error contending plaintiff had forfeited his right to any and all workers' compensation benefits by allegedly making false statements. Upon reconsideration, we agree.
We pretermitted discussion of the 23:1208 issue on original hearing. Addressing it now, we find the workers' compensation judge adequately addressed this issue, stating in written reasons, "I'm not convinced that there was any 1208 in here.... I don't find that there is any 1208 involved." Furthermore, the judgment expressly rejects defendants' claim based upon 23:1208. We find no manifest error in the workers' compensation judge's factual finding that plaintiff did not make fraudulent statements that would have caused forfeiture of his workers' compensation benefits and hereby affirm the portion of the judgment rejecting that defense.
We thus amend our original opinion to (1) delete footnote 3, which states mileage and medical expenses were not appealed; (2) insert the following as the second sentence in the last paragraph of the opinion: "In all other respects, the judgment is affirmed.", and (3) to change the decree to read: "AFFIRMED IN PART, REVERSED IN PART, AND RENDERED." [Editor's Note: Amendment incorporated for publication purposes.]
NOTES
[1] Judge Edward A. de la Houssaye, III, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Plaintiff named CIGNA as defendant's workers' compensation carrier. CIGNA never appeared in the suit.
[4] ESIS, Inc., defendant's third-party administrator, answered the suit even though it was not named as a defendant. Although it joined in the motion and order of appeal, it is not properly before us, as it was not cast in judgment.
[5] La. R.S. 23:1221(3)(a).
[6] Banks v. Industrial Roofing & Sheet Metal Works, 96-2840, pp. 8-9 (La.7/1/97), 696 So.2d 551, 556.
[7] Because of our ruling on the issue of SEB's, we need not address defendant's other assignments of error.